| | |
|---|---|
| 1 | KAREN P. HEWITT |
|  | United States Attorney |
| 2 | ANDREW G. SCHOPLER |
|  | Assistant U.S. Attorney |
| 3 | California State Bar No. 236585 |
|  | Federal Office Building |
| 4 | 880 Front Street, Room 6293 |
|  | San Diego, California 92101-8893 |
| 5 | Telephone No.: (619) 557-5836 |
|  | Facsimile No.:  (619) 235-2757 |
| 6 | |
|  | Attorneys for Plaintiff |
| 7 | United States of America |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 07CR3414-W |
|  | ) | |
| Plaintiff, | ) | Date: February 11, 2008 |
|  | ) | Time: 2:00 p.m. |
| v. | ) | |
|  | ) | UNITED STATES' RESPONSE IN |
| BLANCA PATRICIA REYNA (1), | ) | OPPOSITION TO DEFENSE MOTIONS TO: |
| RAUL VILLALPANDO (2), | ) | |
|  | ) | (1)    COMPEL DISCOVERY |
| Defendants. | ) | (2)    FILE FURTHER MOTIONS |
|  | ) | |
|  | ) | TOGETHER WITH STATEMENT OF FACTS, |
|  | ) | MEMORANDUM OF POINTS AND |
|  | ) | AUTHORITIES, AND UNITED STATES' |
|  | ) | MOTIONS FOR: |
|  | ) | |
|  | ) | (1)    RECIPROCAL DISCOVERY |
|  | ) | |
|  | ) | AND EXPERT NOTICE RE: |
|  | ) | (1)    VALUE EXPERT |
|  | ) | (2)    FORENSIC CHEMIST |
|  | ) | (3)    MODUS OPERANDI EXPERT |
|  | ) | |

COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel KAREN P. HEWITT, United States Attorney, and ANDREW G. SCHOPLER, Assistant U.S. Attorney, and hereby files its response in opposition to the motions filed on behalf of defendant BLANCA PATRICIA REYNA ("Reyna") and defendant RAUL VILLALPANDO-VALLE ("Villalpando") (or collectively as "Defendant" or "Defendants") and hereby files its motion for reciprocal discovery, which are based upon the files and records of this case.

//

# I

## INTRODUCTION

After the filing of a Superseding Indictment on January 30, 2008, Defendants stand charged with importing 5.80 kilograms of methamphetamine (actual), in violation of 21 U.S.C. §§ 952 and 960, and possessing with intent to distribute 5.80 kilograms of methamphetamine (actual), in violation of 21 U.S.C. § 841(a)(1).

# II

## STATEMENT OF FACTS

In the interests of preserving any efforts of Defendant to save prosecution and judicial resources in this case, the Government hereby incorporates Defendant's statement of facts by reference, for the purpose of this response only. If the case is not resolved and Defendant files motions beyond the current straightforward discovery motions, the United States will provide a more detailed statement of facts. The United States reserves the right to expand or amend the statement of facts in future filings.

# III

## POINTS AND AUTHORITIES

### A.   THE UNITED STATES WILL PRODUCE REQUIRED DISCOVERY

The United States intends to fully comply with its discovery obligations under Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act (18 U.S.C. § 3500), and Rule 16 of the Federal Rules of Criminal Procedure. The Government anticipates that most discovery issues can be resolved amicably and informally, and has addressed Defendant's specific requests below.

#### (1)   The Defendant's Statements

The Government recognizes its obligation under Rules 16(a)(1)(A) and 16(a)(1)(B) to provide to Defendant the substance of Defendant's oral statements and Defendant's written statements. The Government has informed Defendant of all written statements that are known to the undersigned Assistant U.S. Attorney at this date and will produce all available videotapes and/or audiotapes as soon as possible. If the Government discovers additional oral or written

1  statements that require disclosure under Rule 16(a)(1)(A) or Rule 16(a)(1)(B), such statements will
2  be provided to Defendant.

3  The Government has no objection to the preservation of the handwritten notes taken by any
4  of the Government's agents and officers. See United States v. Harris, 543 F.2d 1247, 1253 (9th
5  Cir. 1976) (agents must preserve their original notes of interviews of an accused or prospective
6  government witnesses). However, the Government objects to providing Defendant with a copy
7  of any rough notes at this time. Rule 16(a)(1)(A) does not require disclosure of the rough notes
8  where the content of those notes have been accurately reflected in a type-written report. See
9  United States v. Brown, 303 F.3d 582, 590 (5th Cir. 2002); United States v. Coe, 220 F.3d 573,
10 583 (7th Cir. 2000) (Rule 16(a)(1)(A) does not require disclosure of an agent's notes even where
11 there are "minor discrepancies" between the notes and a report). The Government is not required
12 to produce rough notes pursuant to the Jencks Act, because the notes do not constitute "statements"
13 (as defined 18 U.S.C. § 3500(e)) unless the notes (1) comprise both a substantially verbatim
14 narrative of a witness' assertion, and (2) have been approved or adopted by the witness. United
15 States v. Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980). The rough notes in this case do not
16 constitute "statements" in accordance with the Jencks Act. See United States v. Ramirez, 954 F.2d
17 1035, 1038-39 (5th Cir. 1992) (rough notes were not statements under the Jencks Act where notes
18 were scattered and all the information contained in the notes was available in other forms). The
19 notes are not Brady material because the notes do not present any material exculpatory
20 information, or any evidence favorable to Defendant that is material to guilt or punishment.
21 Brown, 303 F.3d at 595-96 (rough notes were not Brady material because the notes were neither
22 favorable to the defense nor material to defendant's guilt or punishment); United States v. Ramos,
23 27 F.3d 65, 71 (3d Cir. 1994) (mere speculation that agents' rough notes contained Brady evidence
24 was insufficient). If, during a future evidentiary hearing, certain rough notes become discoverable
25 under Rule 16, the Jencks Act, or Brady, the notes in question will be provided to Defendant.
26 //
27 //
28

|   |   |
|---|---|
| 1 | **(2)** **Arrest Reports and Notes** |
| 2 | The United States has provided Defendant with arrest reports. As noted previously, agent |
| 3 | rough notes, if any exist, will be preserved, but they will not be produced as part of Rule 16 |
| 4 | discovery. |
| 5 | **(3)** **Brady Material** |
| 6 | Again, the United States is well aware of and will continue to perform its duty under Brady |
| 7 | v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976), to disclose |
| 8 | exculpatory evidence within its possession that is material to the issue of guilt or punishment. |
| 9 | Defendant, however, is not entitled to all evidence known or believed to exist which is, or may be, |
| 10 | favorable to the accused, or which pertains to the credibility of the United States' case. As stated |
| 11 | in United States v. Gardner, 611 F.2d 770 (9th Cir. 1980), it must be noted that "the prosecution |
| 12 | does not have a constitutional duty to disclose every bit of information that might affect the jury's |
| 13 | decision; it need only disclose information favorable to the defense that meets the appropriate |
| 14 | standard of materiality." Id. at 774-775 (citation omitted). |
| 15 | The United States will turn over evidence within its possession which could be used to |
| 16 | properly impeach a witness who has been called to testify. |
| 17 | Although the United States will provide conviction records, if any, which could be used |
| 18 | to impeach a witness, the United States is under no obligation to turn over the criminal records of |
| 19 | all witnesses. United States v. Taylor, 542 F.2d 1023, 1026 (8th Cir. 1976). When disclosing such |
| 20 | information, disclosure need only extend to witnesses the United States intends to call in its case- |
| 21 | in-chief. United States v. Gering, 716 F.2d 615, 621 (9th Cir. 1983); United States v. Angelini, |
| 22 | 607 F.2d 1305, 1309 (9th Cir. 1979). |
| 23 | Finally, the United States will continue to comply with its obligations pursuant to |
| 24 | United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991). |
| 25 | **(4)** **Sentencing Information** |
| 26 | The United States is not obligated under Brady to furnish a defendant with information |
| 27 | which he already knows. United States v. Taylor, 802 F.2d 1108, 1118 n.5 (9th Cir. 1986). Brady |
| 28 |   |

1   is a rule of disclosure, and therefore, there can be no violation of Brady if the evidence is already
2   known to the defendant. In such case, the United States has not suppressed the evidence and
3   consequently has no Brady obligation. See United States v. Gaggi, 811 F.2d 47, 59 (2d Cir. 1987).
4   But even assuming Defendant does not already possess the information about factors which
5   might affect his guideline range, the United States would not be required to provide information
6   bearing on Defendant's mitigation of punishment until after Defendant's conviction or plea of
7   guilty and prior to his sentencing date. See United States v. Juvenile Male, 864 F.2d 641, 647 (9th
8   Cir. 1988) ("No [Brady] violation occurs if the evidence is disclosed to the defendant at a time
9   when the disclosure remains in value."). Accordingly, Defendant's demand for this information
10  is premature.

**(5)   Defendant's Prior Record**

12  The United States has provided Defendant with a copy of his criminal record in accordance
13  with Federal Rule of Criminal Procedure 16(a)(1)(B).

**(6)   Proposed 404(b) and 609(b) Evidence**

15  The United States will provide Defendant with official notice of its proposed use of other
16  acts evidence, pursuant to Federal Rules of Evidence 404(b) or 609(b), and information about such
17  acts at the time the United States' trial memorandum is filed.

**(7)   Evidence Seized**

19  The United States has complied and will continue to comply with Rule 16(a)(1)(C) in
20  allowing Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical
21  evidence which is within the possession, custody or control of the United States, and which is
22  material to the preparation of Defendant's defense or are intended for use by the United States as
23  evidence in chief at trial, or were obtained from or belong to Defendant, including photographs.
24  The United States, however, need not produce rebuttal evidence in advance of trial. United
25  States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984), cert. denied, 474 U.S. 953 (1985).
26  //
27  //
28

**(8) Preservation of Evidence**

The United States will preserve all evidence to which Defendant is entitled pursuant to the relevant discovery rules. However, the United States objects to any blanket request to preserve all physical evidence.

The United States has complied and will continue to comply with Rule 16(a)(1)(C) in allowing Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical evidence which is within his possession, custody or control of the United States, and which is material to the preparation of Defendant's defense or are intended for use by the United States as evidence in chief at trial, or were obtained from or belong to Defendant, including photographs. The United States has made the evidence available to Defendant and Defendant's investigators and will comply with any request for inspection.

Again, the United States will continue to comply with its obligations pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991).

**(9) Law Enforcement Personnel Files – *Henthorn* Material**

The United States will continue to comply with its obligations pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991).

**(10) Tangible Objects**

The Government has complied and will continue to comply with Rule 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy all tangible objects seized that is within its possession, custody, or control, and that is either material to the preparation of Defendant's defense, or is intended for use by the Government as evidence during its case-in-chief at trial, or was obtained from or belongs to Defendant. The Government need not, however, produce rebuttal evidence in advance of trial. United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984).

**(11) Expert Summaries**

The Government will comply with Rule 16(a)(1)(G) and provide Defendant with a written summary of any expert testimony that the Government intends to use under Rules 702, 703, or 705

of the Federal Rules of Evidence during its case-in-chief at trial. This summary shall include the expert witnesses' qualifications, the expert witnesses opinions, the bases, and reasons for those opinions. The United States has provided its expert notice below and has provided (or will provide) resumes and reports in discovery.

### (12) Impeachment Evidence

As stated previously, the United States will turn over evidence within its possession which could be used to properly impeach a witness who has been called to testify.

### (13) Criminal Investigation of Government Witness

Defendants are not entitled to any evidence that a prospective witness is under criminal investigation by federal, state, or local authorities. "[T]he criminal records of such [Government] witnesses are not discoverable." United States v. Taylor, 542 F.2d 1023, 1026 (8th Cir. 1976); United States v. Riley, 657 F.2d 1377, 1389 (8th Cir. 1981) (holding that since criminal records of prosecution witnesses are not discoverable under Rule 16, rap sheets are not either); cf. United States v. Rinn, 586 F.2d 113, 118-19 (9th Cir. 1978) (noting in dicta that "[i]t has been said that the Government has no discovery obligation under Fed. R. Crim. P. 16(a)(1)(C) to supply a defendant with the criminal records of the Government's intended witnesses.") (citing Taylor, 542 F.2d at 1026).

The Government will, however, provide the conviction record, if any, which could be used to impeach witnesses the Government intends to call in its case-in-chief. When disclosing such information, disclosure need only extend to witnesses the United States intends to call in its case-in-chief. United States v. Gering, 716 F.2d 615, 621 (9th Cir. 1983); United States v. Angelini, 607 F.2d 1305, 1309 (9th Cir. 1979).

### (14) Evidence of Bias or Motive to Lie

The United States is unaware of any evidence indicating that a prospective witness is biased or prejudiced against Defendant. The United States is also unaware of any evidence that prospective witnesses have a motive to falsify or distort testimony.

//

  **(15) Evidence of Perception, Recollection, Communication, Truth-Telling**

  The United States is unaware of any evidence indicating that a prospective witness has a problem with perception, recollection, communication, or truth-telling.

  **(16) Witness Addresses**

  The Government has already provided Defendant with the reports containing the names of the agents involved in the apprehension and interviews of Defendant. A defendant in a non-capital case, however, has no right to discover the identity of prospective Government witnesses prior to trial. See Weatherford v. Bursey, 429 U.S. 545, 559 (1977); United States v. Dishner, 974 F.2d 1502, 1522 (9th Cir 1992) (citing United States v. Steel, 759 F.2d 706, 709 (9th Cir. 1985)); United States v. Hicks, 103 F.23d 837, 841 (9th Cir. 1996).  Nevertheless, in its trial memorandum, the Government will provide Defendant with a list of all witnesses whom it intends to call in its case-in-chief, although delivery of such a witness list is not required. See United States v. Discher, 960 F.2d 870 (9th Cir. 1992); United States v. Mills, 810 F.2d 907, 910 (9th Cir. 1987).

  The Government objects to any request that the Government provide a list of every witness to the crimes charged who will not be called as a Government witness. "There is no statutory basis for granting such broad requests," and a request for the names and addresses of witnesses who will not be called at trial "far exceed[s] the parameters of Rule 16(a)(1)(C)." United States v. Hsin-Yung, 97 F. Supp.2d 24, 36 (D. D.C. 2000) (quoting United States v. Boffa, 513 F. Supp. 444, 502 (D. Del. 1980)). The Government is not required to produce all possible information and evidence regarding any speculative defense claimed by Defendant. Wood v. Bartholomew, 516 U.S. 1, 6-8 (1995) (per curiam) (holding that inadmissible materials that are not likely to lead to the discovery of admissible exculpatory evidence are not subject to disclosure under Brady).

  **(17) Witnesses Favorable to the Defendant**

  As stated earlier, the Government will continue to comply with its obligations under Brady and its progeny. At the present time, the Government is not aware of any witnesses who have made an arguably favorable statements concerning Defendant or who could not identify him or who were unsure of his identity or participation in the crime charged.

      **(18)    Statements Relevant to the Defense**

To reiterate, the United States will comply with all of its discovery obligations. However, "the prosecution does not have a constitutional duty to disclose every bit of information that might affect the jury's decision; it need only disclose information favorable to the defense that meets the appropriate standard of materiality." Gardner, 611 F.2d at 774-775 (citation omitted).

      **(19)    Jencks Act Material**

The Jencks Act, 18 U.S.C. § 3500, requires that, after a Government witness has testified on direct examination, the Government must give the Defendant any "statement" (as defined by the Jencks Act) in the Government's possession that was made by the witness relating to the subject matter to which the witness testified. 18 U.S.C. § 3500(b). A "statement" under the Jencks Act is (1) a written statement made by the witness and signed or otherwise adopted or approved by him, (2) a substantially verbatim, contemporaneously recorded transcription of the witness's oral statement, or (3) a statement by the witness before a grand jury. 18 U.S.C. § 3500(e). If notes are read back to a witness to see whether or not the government agent correctly understood what the witness was saying, that act constitutes "adoption by the witness" for purposes of the Jencks Act. United States v. Boshell, 952 F.2d 1101, 1105 (9th Cir. 1991) (citing Goldberg v. United States, 425 U.S. 94, 98 (1976)). While the Government is only required to produce all Jencks Act material <u>after</u> the witness testifies, the Government plans to provide most (if not all) Jencks Act material well in advance of trial to avoid any needless delays.

      **(20)    Giglio Information**

As stated previously, the United States will comply with its obligations pursuant to Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act, United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991), and Giglio v. United States, 405 U.S. 150 (1972).

      **(21)    Agreements Between the Government and Witnesses**

The Government has not made or attempted to make any agreements with prospective Government witnesses for any type of compensation for their cooperation or testimony.

//

1        **(22)    Informants and Cooperating Witnesses**

2        If the Government determines that there is a confidential informant in this case and that the

3   informant's identity is "relevant and helpful to the defense of an accused, or is essential to a fair

4   determination of a cause," the Government will either disclose the identity of the informant or

5   submit the informant's identity to the Court for an in-chambers inspection. Roviaro v. United

6   States, 353 U.S. 53, 60-61 (1957) (emphasis added); United States v. Ramirez-Rangel, 103 F.3d

7   1501, 1505 (9th Cir. 1997) (same).

8        **(23)    Bias by Informants or Cooperating Witnesses**

9        As stated above, the United States is unaware of any evidence indicating that a prospective

10  witness is biased or prejudiced against Defendant.  The United States is also unaware of any

11  evidence that prospective witnesses have a motive to falsify or distort testimony.

12       **(24)    Law Enforcement Personnel Files**

13       The United States will continue to comply with its obligations pursuant to United States

14  v. Henthorn, 931 F.2d 29 (9th Cir. 1991).

15       **(25)    Training Manuals and Policies of Relevant Law Enforcement Agencies**

16       The United States objects to any defense request for discovery of policies, instructions and

17  training manuals regarding the interrogation of subjects.

18       **(26)    Performance Goals and Policy Awards**

19       The United States objects to any request for disclosure of performance goals and policy

20  awards with respect to the detection and interruption of criminal operations.

21       **(27)    Opportunity to Weigh , Count, View and Photograph Evidence**

22       The Government has complied and will continue to comply with Rule 16(a)(1)(E) in

23  allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy all

24  tangible objects seized that is within its possession, custody, or control, and that is either material

25  to the preparation of Defendant's defense, or is intended for use by the Government as evidence

26  during its case-in-chief at trial, or was obtained from or belongs to Defendant.  The Government

27

28

need not, however, produce rebuttal evidence in advance of trial. United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984).

### (28)   Scientific Tests or Examinations

The Government will comply with its obligations under Rule 16(a)(1)(F) with respect to examinations or scientific tests.

### (29)   Residual Request

The Government has already complied with Defendant's request for prompt compliance with its discovery obligations. The Government will comply with all of its discovery obligations, but objects to any broad and unspecified residual discovery request.

### B.   THE DRUG STATUTES ARE NOT FACIALLY UNCONSTITUTIONAL

Sections 841 and 960 of Title 21 of the United States Code are not facially unconstitutional. United States v. Navarro-Vargas, 408 F.3d 1184, 1209 (9th Cir. 2005), cert. denied, 546 U.S. 1036 (2005). Furthermore, "[a] defendant charged with importing or possessing a drug is not required to know the type and amount of the drug." United States v. Hernandez, 322 F.3d 592, 602 (9th Cir. 2003) (citation omitted).

### C.   JUDGE BURNS' GRAND JURY INSTRUCTIONS WERE PROPER

Since the Court is very familiar with the oft-repeated attacks on Judge Burns' instructions to the January 2007 grand jury, the United States will merely attach to this response the orders filed by Judge Moskowitz and Judge Houston, rejecting identical arguments, and ask that the Court adopt the reasoning in those orders. The United States is also supplementing the record with excerpts of the transcript of the proceedings before the January 2007 grand jury, including Judge Burns' instructions and a redacted transcript of the voir dire. See Appendix 1 (Grand Jury Instructions Transcript); Appendix 2 (Grand Jury Voir Dire Transcript); Appendix 3 (Judge Moskowitz Order); and Appendix 4 (Judge Houston Amended Order).

### D.   NO OPPOSITION TO LEAVE TO FILE FURTHER MOTIONS

The Government does not oppose granting leave to file further motions, so long as any new motions are based on new discovery and the order applies equally to both parties.

# IV

## **UNITED STATES' MOTION FOR RECIPROCAL DISCOVERY**

### A. ALL EVIDENCE FOR DEFENDANT'S CASE-IN-CHIEF

Since the Government will honor Defendant's request for disclosure under Rule 16(a)(1)(E), the Government is entitled to reciprocal discovery under Rule 16(b)(1). Pursuant to Rule 16(b)(1), the United States requests that Defendant permit the Government to inspect, copy and photograph any and all books, papers, documents, photographs, tangible objects, or make copies or portions thereof, which are within the possession, custody, or control of Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

The Government further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession and control of Defendant, which he intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom Defendant intends to call as a witness. The Government also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the Government receives the reciprocal discovery to which it is entitled.

### B. RECIPROCAL JENCKS—DEFENSE WITNESS STATEMENTS

Rule 26.2 provides for the reciprocal production of Jencks material. Rule 26.2 requires production of the prior statements of all witnesses, except a statement made by Defendant. The time frame established by Rule 26.2 requires the statements to be provided to the Government after the witness has testified. However, to expedite trial proceedings, the Government hereby requests that Defendant be ordered to provide all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and reports.

//
//

## V

## UNITED STATES' EXPERT NOTICE

Pursuant to Federal Rule of Evidence 16(a)(1)(G), the United States hereby provides the defense notice and a written summary of testimony the United States intends to use, pursuant to Federal Rules of Evidence 702, 703 and 705, during the trial in the above-referenced case.

### A.   VALUE EXPERT

#### (1)   Opinions

The United States intends to call **a value expert** (the "value expert") as an expert witness on the wholesale and retail values in Mexico and in the United States of the controlled substance charged in the indictment. The value expert will also testify that the amount of controlled substance in this case is an amount for distribution and not for personal use. The value expert will testify that controlled substances are more expensive as they move farther away from the border region. The value expert will testify that, based upon the expert's training and experience, this is because the drivers have the critical responsibility of passing by law enforcement officials who are trained to detect persons transporting such loads.

A copy of the value chart generated by the value expert, which lists prices for the controlled substance in Mexico and the United States, has been disclosed in discovery.

#### (2)   Bases and Reasons for Opinions

The testimony of the value expert will based on the expert's education, experience and training, including formalized and on-the-job training. The expert's opinions will be based on the following: cases the expert has personally investigated; cases in which the expert has assisted in the investigation; arrests in which the expert has been involved; interviews with informants and suspected smugglers; contact with undercover agents and operations; ongoing communication with fellow agents and other law enforcement personnel; information obtained from other shared intelligence; literature and publications reviewed; seminars and courses dealing with the drug trade; and formal training from the academy.

//

    **(3) Qualifications**

 A copy of the value expert's curriculum vitae has been made (or will soon be made) available to defense counsel in discovery.

 **B. FORENSIC CHEMIST**

    **(1) Opinions**

 The United States intends to call DEA Chemist **Sylvia Tarin-Brousseau** (the "forensic chemist" or the "chemist") as an expert forensic chemist to testify that the substance seized in this case is the controlled substance charged in the indictment. The forensic chemist has analyzed the substance and will testify as to the consistency and purity of the contraband sampled and to the positive test for the presence of the controlled substance. The forensic chemist will describe the process used to analyze the substance, including the receipt and handling thereof. The chemist will offer an expert opinion that the core sample tested is, in fact, the controlled substance charged in the indictment.

    **(2) Bases and Reasons for Opinion**

 The chemist's opinion will be based on the chemist's analysis in this case, along with the chemist's background, education, training, experience, and knowledge and use of accepted scientific methods of testing.

    **(3) Qualifications**

 A copy of the forensic chemist's curriculum vitae has been made (or will soon be made) available to defense counsel in discovery. The Form DEA-7 and any other laboratory reports concerning the controlled substance have also been produced in discovery.

 **C. DRUG COURIER *MODUS OPERANDI* EXPERT**

    **(1) Opinions**

 The United States intends to call **an expert in the modus operandi of drug couriers** (the "M.O. expert" or the "expert") as an expert witness on the modus operandi of drug couriers. The M.O. expert will testify, based upon the expert's training, experience and specialized knowledge,

that: (1) drug traffickers typically do not entrust large amounts of drugs or money to unknowing couriers; and (2) couriers do not typically participate in the loading or unloading of narcotics

### (2) Bases and Reasons for Opinions

The testimony of the M.O. expert will based on the expert's education, experience, specialized knowledge and training, including formalized and on-the-job training. The expert's opinions will be based on the following: cases the expert has personally investigated; cases in which the expert has assisted in the investigation; arrests in which the expert has been involved; interviews with informants and suspected smugglers; contact with undercover agents and operations; ongoing communication with fellow agents and other law enforcement personnel; information obtained from other shared intelligence; literature and publications reviewed; seminars and courses dealing with the drug trade; and formal training from the academy.

### (3) Qualifications

A copy of the M.O. expert's curriculum vitae has been made (or will soon be made) available to defense counsel in discovery.

### D. RECIPROCAL EXPERT DISCOVERY

Pursuant to Federal Rule of Criminal Procedure 16(b)(1)(C), the United States hereby requests a similar written summary regarding experts Defendant intends to call at trial.

## VI

## CONCLUSION

For the foregoing reasons, the United States requests that the Court deny Defendant's motions, except where unopposed, and grant the United States' motions for reciprocal discovery and for fingerprint exemplars.

DATED: February 9, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

/s/ *Andrew G. Schopler*
ANDREW G. SCHOPLER
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 07CR3414-W |
| Plaintiff, | ) | |
| v. | ) | CERTIFICATE OF SERVICE |
| BLANCA PATRICIA REYNA, | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, ANDREW G. SCHOPLER, am a citizen of the United States and am at least eighteen years of age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action.  I have caused service of **UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS; UNITED STATES' MOTIONS FOR RECIPROCAL DISCOVERY; and UNITED STATES' EXPERT NOTICE** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

    1.    Jason I. Ser
    2.    Kenneth R. McMullan

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

N/A

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 9, 2008

/s/ *Andrew G. Schopler*
ANDREW G. SCHOPLER
Assistant United States Attorney

07CR3414-W